Killeen v Spolar

2026 NY Slip Op 03295

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Susan Killeen, appellant,

v

Elya Spolar, etc., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2024-00064, (Index No. 2387/21)

Colleen D. Duffy, J.P.

Deborah A. Dowling

Phillip Hom

Susan Quirk, JJ.

Lebson Tangredi, PLLC, White Plains, NY (Sean E. Lebson of counsel), for appellant.

Catania, Mahon & Rider, PLLC, Newburgh, NY (Jeffrey S. Sculley of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated December 1, 2023. The order denied the plaintiff's motion, in effect, to vacate a prior order of the same court dated September 21, 2022, directing dismissal of the action without prejudice.

ORDERED that the order dated December 1, 2023, is affirmed, with costs.

In April 2021, the plaintiff commenced this action against the defendants to recover damages for alleged medical malpractice arising out of physical therapy treatment provided to the plaintiff by the defendants. As is relevant to this appeal, the parties failed to appear at a scheduled court ordered conference in September 2022, and the Supreme Court thereby directed dismissal of the action without prejudice (hereinafter the September 2022 order). In September 2023, the plaintiff moved, in effect, to vacate the September 2022 order. The defendants opposed. In an order dated December 1, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.

In order to vacate a default in appearing at a scheduled court conference, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015[a][1]; Lee v Latendorf, 162 AD3d 1002, 1003). "A determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court" (Stein v Doukas, 157 AD3d 743, 744). "A claim of law office failure must be supported by a detailed and credible explanation of the default at issue, as mere neglect is not a reasonable excuse" (Lee v Latendorf, 162 AD3d at 1003).

Here, the plaintiff failed to demonstrate a reasonable excuse for not appearing (see Lee v Latendorf, 162 AD3d at 1003; Stein v Doukas, 157 AD3d at 744).

Since the plaintiff failed to offer a reasonable excuse for her default, the issue of whether she had a potentially meritorious cause of action need not be addressed (see Stein v Doukas, 157 AD3d at 744).

The plaintiff's remaining contentions are without merit.

DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court